Filed 11/18/25  P. v. Sims CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099479 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFE19990005189 & SF075917A) |
| v. | |
| MAURICE SWEET SIMS, | |
| Defendant and Appellant. | |

Defendant Maurice Sweet Sims robbed a woman at gunpoint and was sentenced to 26 years to life in prison under California's Three Strikes law because he had committed two prior robberies.  His sentence also included a one-year enhancement pursuant to former section 667.5, subdivision (b) of the Penal Code.[1]  In 2022, pursuant to legislative changes, the trial court recalled defendant's sentence and struck the one-year enhancement.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant also asked the trial court to dismiss one or both of his strikes. The trial court declined, finding that releasing defendant would endanger public safety.

On appeal from that order, defendant contends the trial court abused its discretion by declining to dismiss either strike. We affirm, because defendant has failed to establish an abuse of discretion.

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, defendant pointed a gun at the head of a woman working at a restaurant and stole money and a personal check from the cash register. Defendant pled guilty to second degree robbery and admitted he had been convicted of two prior serious or violent felonies. Defendant also admitted serving a prior prison term. The trial court sentenced him to a mandatory 25 years to life in prison under California's Three Strikes law plus one year for the prior prison term enhancement.

In 2022, pursuant to legislative changes, the trial court recalled defendant's sentence. The parties agreed the trial court must strike the one-year prior prison term enhancement. Defendant also asked the court to dismiss one or both of his prior strikes.

Defendant committed the first strike in 1989 when he was 18. He punched the victim in the face and then took his money and pager. Defendant pled guilty to robbery, was sentenced to three years of probation and nine months in jail and was later sentenced to two years in prison after violating probation.

Defendant committed the second strike in 1994 when he was 22. He snatched a purse from a woman and was soon caught. Defendant pled no contest to robbery, and the court sentenced him to four years in prison.

Defendant argued the court should dismiss one or both of these strikes based on the nature and circumstances of the three robberies and his background, character, and prospects. Specifically, defendant contended that because the robberies occurred when he was 18, 22, and 27 years old and he was now 51 years old, the remoteness of the crimes and his youth at the time should be mitigating factors. Defendant also noted that

he did not use a weapon in the two strike offenses and did not cause serious injury in any of the robberies. And his offenses stemmed from a long history of drug abuse and addiction.

Regarding his background, character, and prospects, defendant asserted that he was now 51 years old, had family support, and intended to maintain his sobriety. He argued these facts indicated that his Third Strike sentence was too long and that favored striking at least one of his strikes.

The People argued that the trial court should not dismiss either of defendant's strikes. Defendant was serving his fifth prison term, had previously violated the terms of probation and parole, and had committed numerous violations of prison regulations, including several violent instances. Based on his violent offenses, his continued inability to follow rules, and his continued use of violence, defendant posed a danger to public safety. Because dismissal of either prior strike finding would result in defendant's immediate release from prison, the People argued that the court should not dismiss either strike.

The trial court initially struck the invalid one-year prior prison term enhancement. The court then made extensive efforts to obtain and review an unredacted version of defendant's central file from the Department of Corrections and Rehabilitation. After reviewing defendant's file, the court noted that defendant had tested positive for drugs in prison only three years ago and was at moderate risk to reoffend. The court also noted several violent violations of prison regulations. So the court found that defendant would present a danger to public safety if released and declined to dismiss either strike.

Defendant timely appeals from that order.

DISCUSSION

On appeal, defendant contends the trial court abused its discretion by declining to dismiss either strike because he falls outside the spirit of the Three Strike law. We disagree.

3

When reviewing a trial court's ruling on a request to dismiss prior strikes, we consider, as the trial court did, "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review the court's ruling under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 378.)

There is no abuse of discretion here. While in prison, defendant had a lengthy and continuing history of rule violations and drug abuse. When out of prison, defendant repeatedly committed violent offenses and violations of the terms of probation and parole.

Defendant does not dispute the factual basis for the trial court's ruling. Rather defendant takes issue with the trial court's weighing of the facts, contending the court should have given greater weight to the fact that his most recent rule violations in prison were non-violent and should have considered his recent relapse into drug use to be mitigating instead of aggravating, especially because this recent drug abuse did not result in violent incidents. These contentions do not establish an abuse of discretion. Even if a reviewing court may have weighed the evidence differently, " ' " '[a]n appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.)

## DISPOSITION

The order is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
BOULWARE EURIE, J.